**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CHERYL M. FEALY,<br><br>   Plaintiff,<br><br>vs.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>   Defendant. | 2:13–cv–02282–MMD–VCF<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

This case involves a civil action against the Social Security Administration ("SSA") for allegedly improperly allowing the Internal Revenue Service ("IRS") to levy upon Plaintiff's social security benefits. (#1 at 6). Before the court is Plaintiff Cheryl Fealy's motion to amend her complaint (#13)[1] and Defendant SSA's motion to dismiss for lack of jurisdiction (#10). This action was referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. For the reasons stated below, the court recommends that the Plaintiff's motion to amend her complaint (#13) be denied and Defendant's motion to dismiss (#10) be granted.

**BACKGROUND**

On December 16, 2013, Plaintiff Cheryl Fealy filed a complaint with the United States District Court for the District of Nevada alleging the Social Security Administration injured her by allowing the IRS to levy against her social security benefits. (#1 at 6). Fealy states that these actions by the SSA violated Fealy's Fourth, Fifth, Eighth, and Fourteenth Amendment rights. (#1 at 5). Additionally, She argues that the SSA failed to exercise due diligence, breached a fiduciary duty owed to Fealy, breached

---

[1] Parenthetical citation refers to the court's docket number.

1

a contract entered into with Fealy, and surrendered Fealy's property to the IRS without due process of law. (#1 at 6).

The crux of Fealy's argument is that the SSA should not have surrendered a portion of Fealy's social security benefit amount to the IRS "absent an <u>actual</u> levy as required in 26 U.S.C. § 6332(c) and respective [Nevada Revised Statutes]." (#1 at 12) (emphasis in the original). Fealy also argues that social security benefits are exempt from levy under the Social Security Act. (#1 at 12).

The SSA now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 4 or, alternatively due to lack of both personal and subject matter jurisdiction and failure to state a claim upon which relief may be granted. (#10 at 3-4). Fealy moves for clerk's default[2] and to amend her complaint. (*See* #7 and #13).

**DISCUSSION**

The parties' filings present four questions: (1) whether the complaint should be dismissed due to improper service of process under Rule 4 and Rule 12(b)(5); (2) whether the complaint should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) and Rule 12(h)(3); (3) whether the complaint should be dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6); and (4) whether the complaint can be amended to cure the deficiencies mentioned above.

**I. Motion to Dismiss for Improper Service of Process Under Rule 4 and Rule 12(b)(5)**

The SSA contends that Fealy has failed to properly serve service of process and, therefore, the court lacks personal jurisdiction over the SSA. (#10-1 at 1). Specifically, the SSA states that Fealy has not served the United States Attorney and the Attorney General, as required by Federal Rule of Civil Procedure 4(i) for proper service upon a United States Agency. (#10-1 at 2).

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,*

---

[2] It appears that the clerk has not entered a default because the Defendant properly responded to Plaintiff's complaint by filing the subject motion to dismiss.

2

*Ltd.*, 484 U.S. 97, 104 (1987). Rule 4 of the Federal Rules of Civil Procedure governs service of process. A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc*., 840 F.2d 685, 688 (9th Cir. 1988). Rule 12(b)(5) authorizes the District Court to dismiss a complaint without prejudice or allow the plaintiff leave to cure any defects based on improper service of process. FED. R. CIV. P. 12(b)(5). *See e.g., Romero v. Washoe Cnty.*, 3:11-CV-00582-LRH, 2013 WL 1955887 at *1 (D. Nev. May 10, 2013).

To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee. FED. R. CIV. P. 4(i)(2). Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). In the case of a suit against a United States Agency, "[t]he court must allow a party reasonable time to cure its failure to serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or Attorney General of the United States. FED. R. CIV. P. 4(i)(4)(A). Fealy has failed to serve either the U.S. Attorney or the Attorney General. (#10-1 at 2).

The Code of Federal Regulations provides further guidance relating to suit against the SSA. 20 C.F.R. § 423.1. Under 20 C.F.R. § 423.1(a), complaints seeking judicial review of a final SSA decision on an individual claim must be served upon the Social Security Administration's Office of General Counsel in the jurisdiction in which the complaint has been filed. Other types of complaints must be served on the SSA's Office of General Counsel in Baltimore. 20 C.F.R. § 423.1(b).

Here, Fealy's complaint is a suit against the SSA for allowing an IRS levy upon her previously

awarded SSA benefits. To the extent this can be considered a suit seeking judicial review of a final decision of the Commissioner on an individual claim for benefits, Fealy has failed to follow the proper procedure laid out in her final decision notice. (#10-1 at 3). Fealy has served only the Las Vegas District Office of the SSA. (*See* Summons, #3 at 1). She does not allege and there is no evidence that she has served the SSA's Office of General Counsel, the U.S. Attorney, or the Attorney General. Therefore, Plaintiff's complaint should be dismissed under Rule 12(b)(5).

**II. Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1) and 12(h)(3)**

The SSA alleges that this court lacks subject matter jurisdiction because Fealy fails to demonstrate how the United States has waived sovereign immunity for the purposes of this suit and because Fealy has failed to exhaust her administrative remedies under the Federal Tort Claims Act. (#10-1 at 4).

Federal Rule of Civil Procedure 12(b)(1) provides that lack of subject matter jurisdiction is a defense that can be raised by motion. FED. R. CIV. P. 12(b)(1). Rule 12(h)(3) states, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The district court lacks subject matter jurisdiction where the cause of action does not "arise under the Federal Constitution, laws or treaties (or fall within one of the other enumerated categories of Art. III, s 2), or is not a case or controversy within the meaning of that section; or the cause is not one described by any jurisdictional statute." *Baker v. Carr*, 369 U.S. 186, 198 (1962) (internal quotations removed).

**A. The SSA, as an Agency of the United States, is Immune from Suit Unless it Consents to be Sued.**

The SSA is an Agency of the United States. Absent a statutory provision to the contrary, U.S. Agencies are immune from suit. *Gerritsen v. Consulado Gen. De Mexico*, 989 F.2d 340, 343 (9th Cir. 1993) (stating "the FBI is a federal agency and that Congress has not revoked its immunity" and affirming district court opinion that "dismissed the FBI as a defendant in this case because it lacked

4

jurisdiction over suits against a federal agency absent express statutory authorization."). "It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citing *United States v. Shaw,* 309 U.S. 495, 500–01 (1940)); *see also United States v. Mitchell*, 455 U.S. 535, 538 (1980).

A taxpayer's claim for damages resulting from tax collection is limited to suit under 26 U.S.C. § 7433. *Blanchette v. Soc. Sec. Admin.*, CIV.A. 13-12655-RGS, 2014 WL 667514, at *2 (D. Mass. Feb. 21, 2014). Section 7433 functions as a waiver of sovereign immunity and allows a taxpayer to bring a lawsuit for damages against the United States for "certain unauthorized collection actions" by the IRS. *Id.* at § 7433(a). It is "the exclusive remedy for recovering damages resulting from such actions." *Id.* at § 7433(b). Fealy does not file suit under section 7433, but rather makes various allegations without indicating any basis for a waiver of sovereign immunity.

### B.  Fealy Has Failed to Exhaust Her Administrative Remedies Prior to Filing Suit

According to the SSA, plaintiff has not exhausted her administrative remedies with the IRS prior to filing suit as required by the Internal Revenue Code. (Dec. of Sue Knight, #14 at 2). Section 7433(d)(1) requires that administrative remedies be exhausted before a plaintiff can file suit. 26 U.S.C. § 7433(d)(1). The Code of Federal Regulations requires that Plaintiff exhaust administrative remedies prior to commencing suit in the district court. 26 C.F.R. § 301.7433–1(a)(2). Section (e) of the same regulation provides, "[a]n administrative claim for the lesser of $1,000,000 . . . or actual, direct economic damages as defined in paragraph (b) of this section shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." 26 C.F.R. § 301.7433–1(e)(1). Plaintiff makes no allegations in her original complaint (#1) or her amended complaint (#13) to indicate that she has done this. Her complaint states that she made "written and verbal objections" directed to the SSA but does not give any indication of the form or

substance of these communications. (#1 at 15).

Additionally, the SSA alleges that Fealy's claim that the SSA failed in its fiduciary duty to protect her from IRS levy is essentially a tort claim. (#1-1 at 6). Breach of fiduciary duty claims may arise in tort or in contract. *Jachetta v. United States*, 653 F.3d 898, 905 (9th Cir. 2011). Because there is no contract between the SSA and Fealy, the claim must sound in tort. *See id.* The Federal Tort Claims Act ("FTCA") would provide the basis for waiver of sovereign immunity Fealy requires in order to commence this suit against the United States. *See id.* at 906. The FTCA requires that plaintiffs exhaust administrative remedies with the appropriate federal agency prior to filing suit. 28 U.S.C. § 2675(a). Section 2675(a) states that the claimant must "have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Fealy fails to allege that she has filed a claim with the IRS.

### C. The SSA is not the Proper Defendant in This Matter.

The Internal Revenue Code specifically states that those who honor IRS levies are "discharged from any obligation or liability to the delinquent taxpayer." 26 U.S.C. § 6332(e). Therefore, the SSA is not liable to Fealy for the imposition of the levy and is not a proper party to this lawsuit. Similarly, the IRS is not the proper defendant in this matter. The IRS enjoys sovereign immunity as an agency of the United States and as such, is immune from suit. *See Gillings v. U.S. I.R.S.*, 138 Fed. Appx. 990, 990 (2005).

Additionally, Fealy fails to name the United States as a defendant. The United States is a sovereign and is immune from suit unless it has expressly waived such immunity and consented to be sued. *United States v. Shaw,* 309 U.S. 495, 500–01 (1940); *Hutchinson v. United States,* 677 F.2d 1322, 1327 (9th Cir.1982). The waiver may not be implied, but must be unequivocally expressed. *United States v. King,* 395 U.S. 1, 4 (1969). As mentioned above, the sole remedy for a taxpayer's claim resulting from tax collection is limited to suit, to which the United States has consented, under 26 U.S.C.

§ 7433. *Blanchette v. Soc. Sec. Admin.*, CIV.A. 13-12655-RGS, 2014 WL 667514, at *2, (D. Mass. Feb. 21, 2014).

This court lacks subject matter jurisdiction over Fealy's complaint because she fails to comply with the above statutes that could provide her with relief. She fails to name the proper party under 26 U.S.C. § 7433 or the FTCA. She fails to articulate a waiver of sovereign immunity for the purposes of this suit and she fails to allege that she has exhausted her administrative remedies. Federal Rule of Civil Procedure 12(h)(3) is clear.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). As such, Fealy's complaint must be dismissed.

### III. Failure to State a Claim Upon Which Relief Can Be Granted Under Rule 12(b)(6)

Fealy makes several allegations regarding the propriety of the SSA's processing of the IRS's levy. For the reasons mentioned below, however, none state a claim upon which relief can be granted. Therefore, her complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Before reaching the merits of Fealy's complaint, the court reviews the relevant legal standard for a motion to dismiss under Rule 12(b)(6).

#### A.  Legal Standard for Motion to Dismiss Under Rule 12(b)(6)

Under Rule 12(b)(6), the court may dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6). This occurs when a complaint does not include "[a] short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Supreme Court's decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) provide that a complaint's allegations must cross "the line from conceivable to plausible" to satisfy Rule 8's requirements. *Iqbal*, 556 U.S. at 680; *Twombly*, 550 U.S. at 546 (characterizing the line as separating "possibility and plausibility"). The Court prescribed a two-step procedure for determining whether a complaint's allegations cross that line.

The court must first identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "speculative," *see Twombly*, 550 U.S. at 555, "merely consistent with liability," *Iqbal*, 556 U.S. at 678, "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim, *id*. at 681, or couch legal conclusions as factual allegations. *Id*. at 678. Then, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)). When the allegations in the complaint have not crossed the line from conceivable to plausible, it must be dismissed. *Twombly*, 550 U.S. at 570.

### B.  Fealy's Eighth and Fourteenth Amendment Claims Lack Merit.

The Eighth Amendment prohibits cruel and unusual punishment. U.S. CONST. amend. VIII. Fealy makes no allegations as to how the SSA's conduct falls under this prohibition, save for simply quoting the language of the amendment. (*See* #1 at 5). Therefore, Fealy fails to state a claim upon which relief can be granted under the Eighth Amendment.

The Fourteenth Amendment's due process and equal protection provisions apply to State governments. U.S. CONST. amend. XIV. The SSA is a federal agency. Therefore, the Fourteenth Amendment is not applicable to this case. Additionally, Plaintiff makes no argument relating to the Fourteenth Amendment other than to simply quote it. (*See* #1 at 5). As such, Fealy fails to state a claim upon which relief can be granted under the Fourteenth Amendment.

### C. Fealy's Fourth and Fifth Amendment Claims Fail.

Fealy makes specific arguments relating to the applicability of the Fourth and Fifth Amendments to the instant case. (*See* #1 at 23-26). In regard to the Fourth Amendment, Fealy alleges that the notice of levy received by the SSA was a warrant, defined as "[a]n order authorizing a payment of money by another person to a third person." (#1 at 23-24). She argues that she has been "subjected to an unreasonable seizure." (#1 at 25). "Fourth Amendment case law states that a warrant is not required for the seizure of property in satisfaction of a tax claim by the Internal Revenue Service." *Nelson v. Silverman,* 888 F.Supp. 1041, 1046 (S.D.Cal.1995) (citations removed).  The IRS has the authority to issue a Notice of Levy without a warrant. *See* 26 U.S.C. § 6331. "The constitutionality of the levy procedure, of course, has long been settled." *U.S. v. Nat'l Bank of Commerce,* 472 U.S. 713, 721 (1985) (quotations removed); *see also Phillips v. Comm'r.,* 283 U.S. 589, 595 (1931)("The right of the United States to collect its internal revenue by summary administrative proceedings has long been settled."). Fealy's Fourth Amendment claims fail as a matter of law.

In regard to the Fifth Amendment, Fealy claims that she was deprived of her property without due process of law. (#1 at 26). Constitutional due process requires that a person receive notice and an opportunity to be heard. *Twining v. New Jersey,* 211 U.S. 78, 110 (1908); *Jacob v. Roberts,* 223 U.S. 261, 265 (1912). A notice of deficiency and an opportunity to petition the Tax Court satisfies the due process that is required before a tax deficiency may be assessed. *See, e.g., Phillips v. Commissioner,* 283 U.S. 589, 595 (1931) ("Where, as here, adequate opportunity is afforded for later judicial determination of the legal rights, summary proceedings to secure prompt performance of pecuniary obligations to government have been consistently sustained."). Judicial review of an IRS levy may be had "within 30 days of a determination" if the claimant "appeal[s] such determination to the Tax Court. 26 U.S.C. § 6330(d). "[T]he IRS is authorized to collect taxes by either levy *or* court proceeding." *Maisano v. Welcher*, 940 F.2d 499, 501 (9th Cir. 1991) (emphasis original). "[I]t is up to the taxpayer, if he so

chooses, to go to court if he claims that the assessed amount was not legally owing." *United States v. Rodgers,* 461 U.S. 677, 682–683 (1983). The procedure available to Fealy does not violate the Fifth Amendment. Therefore, Fealy's Fifth Amendment claims fail.

### D. Fealy's Breach of Contract, Breach of Fiduciary Duty, and Failure to Exercise Due Diligence Claims Fail.

Fealy argues that "[Fealy's] offer and (SSA)'s [*sic*] acceptance of Social Security Benefit funds direct deposited into [Fealy's bank account] created an enforceable contract between the parties." (#1 at 12) (emphasis original). That contract "resulted in (SSA) [*sic*] owing [Fealy] a higher, fiduciary responsibility over the funds and payments." (#1 at 12). Because the SSA surrendered a portion of Fealy's benefits to the IRS, "over [Fealy's] written and verbal objections, without question or due diligence," (#1 at 15), Fealy argues that the SSA breached that contract. SSA benefits do not arise from a contract and, therefore, a breach of contract cause of action is inappropriate. *Flemming v. Nestor*, 363 U.S. 603, 609-10 (1960) (describing the Social Security system as a form of "social insurance," in which persons covered by the Social Security Act have a "noncontractual interest.").

Fealy states that the SSA "should have determined the validity or invalidity of the alleged Notice of Levy" (#1 at 13) and that a notice of levy is not a valid method of tax collection. (#1 at 12). An IRS tax "levy may be made by serving a notice of levy on any person in possession of or obligated with respect to, property or rights to property subject to levy, including ... salaries, wages, commissions, or other compensation." 26 C.F.R. § 301.6331-1(a)(1). The Internal Revenue Code states that those who honor IRS levies are "discharged from any obligation or liability to the delinquent taxpayer," whether or not the levy was validly imposed. 26 U.S.C. § 6332(e).

As all of Fealy's claims arise out of the SSA's processing of the IRS levy, the SSA did not owe Fealy a fiduciary duty. In fact, the SSA may have owed a statutory duty to surrender the funds to the IRS. Section 6332(a) states in part, "any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the

Secretary, surrender such property or rights (or discharge such obligation) to the Secretary." 26 U.S.C. § 6332(a); *see also* Com. of Mass. v. United States, 296 F.2d 336, 337 (1961) (holding that Commonwealth of Massachusetts was a person within the meaning of 26 U.S.C. § 6332 was liable for failing to enforce an IRS lien).

Further, it appears clear that the SSA lacks the discretion to refuse an IRS levy. *See Walker v. Colvin*, 1:09CV811, 2013 WL 664170, at *3 (M.D.N.C. Feb. 22, 2013) ("As an administrative matter, the Social Security Administration plays no role in reviewing or determining the correctness of a levy requested by the IRS."). The SSA merely "processes the levy based on Notice from the IRS." *Id.* The Program Operating Manual System ("POMS") for the processing of social security claims states that the SSA may not make any determination with regard to tax levies. *Id.* (citing POMS GN 02410.100A; POMS GN 02410.305A(6)). Therefore, Fealy' breach of contract, breach of fiduciary duty, and failure to conduct due diligence claims fail.

### E. Fealy's Argument that Social Security Benefits are Exempt from IRS Levy is Without Merit.

Fealy's argument that social security benefits are exempt from IRS levy is without merit and, therefore, subject to dismissal. Title 42, Section 407(a) of the United States Code states, "none of the moneys paid or payable or rights existing under this subchapter, [including Federal Old–Age, Survivors and Disability Insurance Benefits] shall be subject to execution, levy, attachment, garnishment . . .." 42 U.S.C. § 407(a). However, section 407(b) provides that section 407(a) may be modified by other provisions of law that make "express reference to this section." 42 U.S.C. § 407(b). Internal Revenue Code section 6334(c), states that "Notwithstanding any other law of the United States (including section 207 of the Social Security Act), no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)." 26 U.S.C. § 6334(c).  This reference to section 207 of the Social Security Act, as amended, 42 U.S.C. § 407, satisfies the express reference provision of

section 407(b). Therefore, Fealy's claim that her social security benefits are exempt from IRS levy lack merit.

### F. Fealy's Claim that Section 6331 Applies Only to Federal Government Employees Lacks Merit.

Fealy states that section 6331 only permits the imposition of a levy upon "the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer". 26 U.S.C. § 6331(a). (#13 at 2). This is a selective reading of section 6331, which also provides that, "[i]f any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax ... by levy upon all property and rights to property ... belonging to such person". 26 U.S.C. § 6331(a). There is no violation of section § 6331(a) in the issuance of a Notice of Levy to plaintiff, who is not a government employee. Therefore, Fealy's claim that section 6331 applies only to federal employees is without merit.

### G. Fealy's State Law Claims Must Be Dismissed Without Prejudice.

Fealy alleges violations of Nevada Revised Statutes Chapters 21, 31, 68, and 71 (#1 at 25). Specifically, Fealy mentions "NRS Ch. §68.010 et seq inclusive of: Judgment and Execution Order; NRS 071 et seq., Judgment: NRS 031 §010; Enforcement and Exemptions NRS §21.010 through §21.340 and Garnishment NRS §240." (#1 at 11). In a footnote, she states that the court should pay special attention to NRS § 21.090(1)(y), which states that social security payments are exempt from execution under state law. (*Id.*). Section 21.090(1) provides that the listed items are exempt from execution, "*except as otherwise provided [] or required by federal law*." Nev. Rev. Stat. § 21.090(1) (emphasis added). As mentioned above, Title 26, Section 6334(c) of the United States Code allows IRS levy upon social security benefits. 26 U.S.C. § 6334(c).

Section 31.010 of the Nevada Revised Statutes governs the timing of application for a writ of attachment in state court. Neither the SSA nor IRS is not required to obtain a writ of

attachment in state court prior to administrative levy on taxpayers' property. *See Phillips*, 283 U.S. at 595 ("The right of the United States to collect its internal revenue by summary administrative proceedings has long been settled."). The IRS may "collect taxes by either levy *or* court proceedings. *Maisano*, 940 F.2d at 502 (emphasis original).

Section 68.010, et seq., governs procedure for executing judgments in the Nevada Justice Courts. As mentioned above in the context of Fealy's Fourth and Fifth Amendment claims, the IRS is not required to obtain a judgment prior to administrative levy on taxpayers' property. *See Phillips*, 283 U.S. at 595 ("The right of the United States to collect its internal revenue by summary administrative proceedings has long been settled."). The IRS may "collect taxes by either levy *or* court proceedings. *Maisano*, 940 F.2d at 502 (emphasis original). Taxpayers do not have the right to a hearing prior to collection efforts by the IRS. *Todd v. United States*, 849 F.2d 365, 369 (9th Cir. 1988). "[I]t is up to the taxpayer, if he so chooses, to go to court if he claims that the assessed amount was not legally owing." *Rodgers,* 461 U.S. at 682–683.

Chapter 71 of the Nevada Revised Statutes governs the arrest of individuals. This is clearly inapplicable to Fealy's cause of action. None of the documents on record indicate that Fealy has been arrested.

It appears that none of the Nevada Revised Statutes Sections cited by Fealy have any bearing on this action. Additionally, because this action is in federal court on federal question jurisdiction, without a federal claim to anchor Fealy's state law claims, the state law claims may be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3). It is, therefore, recommended that Fealy's state law claims be dismissed without prejudice.

**IV. Plaintiff's Motion to Amend Her Complaint Should Be Dismissed for Futility.**

Under Federal Rule of Civil Procedure 15(a)(2), the court should freely grant leave to amend where justice so requires it. FED. R. CIV. P. 15(a)(2). In considering whether to grant leave to amend a

1  pleading, the court should consider "bad faith, undue delay, prejudice to the opposing party, and/or
2  futility." Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999).

3      For the reasons discussed above, this court recommends that the Plaintiff's motion for leave to
4  amend her complaint (#13) should be denied because amendment would be futile. Plaintiff's motion to
5  amend fails to assert new facts or arguments that would cure the deficiencies stated herein. As such, it is
6  recommended that Fealy's motion to amend be denied.

7      ACCORDINGLY, and for good cause shown,

8      IT IS HEREBY ORDERED that Plaintiff's motion for entry of clerk's default (#7) is DENIED.

9      IT IS HEREBY RECOMMENDED that Plaintiff's claims under the Fourth, Fifth, Eighth, and
10 Fourteenth Amendments be DISMISSED WITH PREJUDICE.

11     IT IS FURTHER RECOMMENDED that Plaintiff's breach of contract, breach of fiduciary duty,
12 and failure to exercise due diligence claims be DISMISSED WITH PREJUDICE.

13     IT IS FURTHER RECOMMENDED that Plaintiff's state law claims should be DISMISSED
14 WITHOUT PREJUDICE.

15     IT IS FURTHER RECOMMENDED that Plaintiff's motion to amend (#10) be DENIED.

16     IT IS FURTHER RECOMMENDED that Defendant's motion to dismiss (#13) be GRANTED.

17     DATED this 25th day of July, 2014.

                                         _____
                                         CAM FERENBACH
                                         UNITED STATES MAGISTRATE JUDGE